IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ORTEGA,

     Plaintiff,                        No. 2:13-cv-0316 CKD P

     vs.

AL CHRISTENSEN, et. al,         ORDER AND

     Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I. In Forma Pauperis

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to pay monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be

1

forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. First Amended Complaint

Plaintiff submitted his original complaint on February 19, 2013 and submitted a first amended complaint on February 27, 2013. Pursuant to Fed. R. Civ. P. 15(a)(1), a party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B), if the pleading is one to which a responsive pleading is required, 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Plaintiff's original complaint was not served on any defendant. Accordingly, he may amend his pleading as a matter of course. This case shall proceed on plaintiff's first amended complaint filed February 27, 2013.

III. Screening of Plaintiff's First Amended Complaint

The in forma pauperis statute provides that a court "shall dismiss the case at any time if the court determines that... the action or appeal... is frivolous or malicious; ... fails to state a claim upon which relief may be granted; or... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Accordingly, plaintiff's complaint will be screened for cognizable claims.

    A.    Screening Standards

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to avoid dismissal for failure to state a claim, however, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court construes the complaint in the light most favorable to the plaintiff and resolves all doubts in the plaintiff's favor.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

        B.        Factual Allegations

On August 27, 2010, a fight broke out in the basketball area of the yard at Folsom State Prison and defendant Al Christensen, Correctional Officer, "unjustly and brutally" shot plaintiff with a Mini-14 assault weapon while on duty as a Tower Officer. (Dkt. No. 4 at 8-9, 11.[1])  In an attempt to justify the shooting, defendant Christensen then wrote a false report stating that plaintiff had a weapon when he was shot. (Id.) at 9.  Defendant Rick Hill, Warden, signed off on the false report and failed to take appropriate action to reprimand Christensen. (Id.)

On August 30, 2010, plaintiff was released from the hospital and placed into solitary confinement without a cellmate to assist him in the event of an emergency and without access to the follow up medical care that he needed. (Id. at 9, 11.)  As a result, plaintiff's wound became infected which required him to return to the hospital on September 3, 2010 for additional

---

[1] The court references the page numbers assigned to plaintiff's complaint by the court's CM/ECF system.

surgery to have the wound scraped out. (Id.) On September 8, 2010, he was returned to the prison and again placed in solitary confinement. (Id. at 12.) On September 30, 2010, his stitches were removed. (Id.) Plaintiff continues to suffer from pain and emotional distress from the events alleged. (Id.)

   C. Claims Presented

  Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. E.g., Patel v. Kent School Dist., 648 F.3d 965, 971 (9th Cir. 2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). In his first amended complaint, plaintiff asserts two separate claims for relief under the Eighth Amendment, one for the use of excessive force and a second for a violation of his right to have personal safety. (Dkt. No. 4 at 12-14.)

    1. Claim One: Excessive Force

  "[T]he unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986). The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).

  When prison officials are accused of using excessive force in violation of the Eighth Amendment, the relevant inquiry is whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm. Whitley v. Albers, 475 U.S. 312, 320-21 (1986); Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). "Force does not amount to a constitutional violation... if it is applied in a good faith effort to restore discipline and order and not 'maliciously and sadistically for the very purpose of causing harm.'" Clemente v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002) (quoting Whitley, 475 U.S. at 320-21.

4

Plaintiff has stated a cognizable claim against defendant Christensen for the use of excessive force in violation of the Eighth Amendment.  Plaintiff states that he additionally sues defendants Hill and Kernan under a theory of supervisory liability.  "Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989).  A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Id. at 646.  Accordingly, when a named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Here, plaintiff alleges that defendant Hill personally participated by knowingly signing off on defendant Christensen's false report even though it was clear that "defendant did not have a good shot." (Dkt. No. 4 at 13.)  Plaintiff's allegations regarding defendant Hill's actions allegedly taken *after* Christensen's use of force fail to state a cognizable claim for an Eighth Amendment excessive force violation by defendant Hill.[2]  Plaintiff also fails

---

[2] Plaintiff's allegations fail to state a separate cognizable claim against any defendant in regard to the issuance of a false disciplinary report.  A prisoner has no constitutionally-guaranteed immunity from being falsely or wrongly accused of conduct that may lead to disciplinary sanctions. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge generally fail to state a claim under section 1983. See Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984).  An exception exists when the fabrication of charges infringed on the inmate's substantive constitutional rights, such as when false charges are made in retaliation for an inmate's exercise of a constitutionally protected rights.  See Sprouse, 870 F.2d at 452 (holding that filing of a false disciplinary charges in retaliation for a grievance filed by an inmate is actionable under section 1983).  Here, plaintiff does not allege that he was deprived of procedural due process nor that the false disciplinary report was issued because of plaintiff's protected conduct. Rather, plaintiff alleges the false disciplinary report was issued to "cover up"

5

to allege the personal participation of defendant Kernan in any Eighth Amendment violation. Accordingly, plaintiff has stated a cognizable Eighth Amendment excessive force claim only against defendant Christensen.

### 2. "Personal Safety"

In his second claim for relief, plaintiff alleges a violation of his right to "personal safety" based on the shooting and inadequate follow up care. The undersigned construes plaintiff's second Eighth Amendment claim as a claim that defendants were deliberately indifferent to his serious medical needs.

"[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'" Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). "Such indifference may be manifested in two ways. It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988); see also Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) ("Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." (internal quotations omitted)).

Here, plaintiff alleges that the defendants denied him adequate medical care upon release from the hospital by placing him in solitary confinement. The undersigned finds plaintiff has stated a cognizable claim against defendants Christensen and Hill for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. To the extent plaintiff alleges that the Chief Medical Officer was responsible for ensuring that all inmates received medical treatment, such allegations fail to allege the requisite personal involvement by the Chief Medical Officer in the alleged deprivations. Nor has plaintiff adequately alleged the personal

---

Christensen's bad shooting. Accordingly plaintiff fails to state a cognizable claim for relief in regard to the issuance of a false disciplinary report.

involvement of defendant Kernan in regard to a claim for deliberate indifference to plaintiff's serious medical needs.

IV.   Conclusion

The first amended complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) under the Eighth Amendment against defendant Christensen for the use of excessive force and against defendants Christensen and Hill for deliberate indifference to plaintiff's serious medical needs. If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to proceed in forma pauperis (Dkt. Nos. 2, 5) are GRANTED.

2. This case shall proceed on the first amended complaint filed February 27, 2013 (Dkt. No. 4).

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. The Clerk shall assign this case to a district judge.

5. Service is appropriate for defendants Al Christensen and Rick Hill.

6. The Clerk of the Court shall send plaintiff 2 USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed February 27, 2013.

7. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

   a. The completed Notice of Submission of Documents;

   b. One completed summons;

   c. One completed USM-285 form for each defendant listed in number 3 above; and

7

        d. 3 copies of the endorsed complaint filed February 27, 2013.

    8. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs; and

    Further, IT IS HEREBY RECOMMENDED that:

    1. This action should proceed on plaintiff's Eighth Amendment claims against defendant Christensen for excessive force and against defendants Christensen and Hill for deliberate indifference to serious medical needs; and

    2. Defendants Kernan and Chief Medical Officer should be dismissed.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 2, 2013

                                    _/s/ Carolyn K. Delaney_
                                  CAROLYN K. DELANEY
                                  UNITED STATES MAGISTRATE JUDGE

8 - orte0316.1.new.f&r

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ORTEGA,

    Plaintiff,                        No. 2:13-cv-0316 CKD P

    vs.

AL CHRISTENSEN, et al.,         <u>NOTICE OF SUBMISSION</u>

    Defendants.               <u>OF DOCUMENTS</u>

_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    _____ completed summons form

    _____ completed USM-285 forms

    _____ copies of the _____

             Complaint

DATED:

                                          _____

                                          Plaintiff